STATE OF MAINE
AROOSTOOK, ss

SUPERIOR COURT
DOCKET NO. CV-16-136

FLORENCE KENNEDY )
                    Plaintiff )
                            )
                            )
                            )
                            )
vs.                         )        JUDGMENT
                            )
                            )
                            )
                            )
                            )
MATTHEW WALTON              )
                    Defendant )

Pending before the court is the Plaintiff's complaint seeking an award of damages against the Defendant for personal injuries that she suffered on June 21, 2015 in Eddington, Maine. At that time, the Plaintiff went onto a residential property under the control of the Defendant for the purpose of attending a "garage sale" that the Defendant had initiated and to which he had invited members of the general public to attend. While on this property, the Plaintiff tripped over a rug that the Defendant had placed on the property. As a result of tripping and falling over the rug, the Plaintiff suffered an injury to her left foot.

She brought suit seeking damages from the Defendant in this court. The Defendant responded to the complaint by filing a timely pro se answer denying responsibility for the Plaintiff's injury. The court issued its standard scheduling order that included provisions pertaining to discovery. When the Defendant failed to respond to the Plaintiff's request for discovery, the Plaintiff complained to the court. The subsequent history is recorded in this court's Order Entering Defendant's Default dated August 18, 2017.

Having entered the Defendant's Default that also established liability on the Defendant's part for the Plaintiff's injury, the court directed the Clerk to schedule the matter for a hearing on damages. The Clerk scheduled the damage hearing for October 24, 2017 at 9:00 am and sent notice of that hearing to the Plaintiff and the Defendant. The Plaintiff appeared with counsel. The Defendant did not appear.

The court proceeded to receive evidence from the Plaintiff in support of her claim for damages. The Plaintiff is a pleasant sixty-three (63) year old widowed lady who does not work outside the home. The court finds Mrs. Kennedy to be a credible witness and reliable reporter of her experience. The evidence establishes that as a result of her fall, the Plaintiff suffered a "closed displaced fracture of the shaft of the fifth metatarsal of the left foot", i.e. she broke the little toe of her left foot. The Plaintiff had no prior injury to her left foot. Her significant medical history as it relates to this injury includes a pre-existing condition of diabetes.[1] As a result of her fracture, the Plaintiff suffered significant pain over the lateral aspect of her left foot. This pain

---

[1] See Dr. Michaud's Orthopedic Note of September 2, 2015.

slowly resolved over the course of approximately sixteen (16) months.[2] It appears that her fracture was slow to heal because of her underlying diabetes. At hearing of this matter, she reported that she was doing "pretty good" although she still has occasional sharp pains brought on by activity or sometimes even as she sits in her chair.

In addition to her physical discomfort, her injury prevented her from engaging in a number of her usual activities. Mrs. Kennedy is a faithful walker. Prior to her injury, she would regularly enjoy a three (3) mile walk every day, more or less. Although she has resumed her walking routine, she now manages only one and a half (1 ½) miles when she walks. Although she has always been able to attend to her own personal care, she reports that her injury prevented her from doing her housework in the way that she was accustomed to. Mrs. Kennedy makes no claim for lost wages.

The court finds that Mrs. Kennedy has suffered harm as the result of her injury and awards Twenty-Five Thousand (25,000) dollars for her general damages.

The court finds that she has also suffered special damages for her medical care. The court awards her $3,383.00[3] for her medical care and related expenses.

The entry shall be: The Plaintiff is awarded judgment against the Defendant in the amount of $28,383.00 plus costs in the amount of $273.81. The Plaintiff is awarded prejudgment interest at the rate of ___3.65___ % and post-judgment interest at the rate of ___7.76___ %.

Date: February 15, 2018

E. Allen Hunter
Justice, Superior Court, Active Retired

---

[2] See Dr. Asherman's note of October 4, 2016.

[3] The Plaintiff has sought recovery of $4,950 for an osteogenesis stimulator. In support of this claim, the Plaintiff has submitted a single page exhibit, apparently from Medicare, stating that "It is not a bill". The document declines any payment on the grounds that medical necessity was not demonstrated. At the court's direction, the Clerk invited counsel to supplement its evidence in support of this aspect of the claim. On December 18, 2017, the Plaintiff wrote to the court to report that the Defendant's insurer had already paid for the stimulator. Accordingly, the court has declined to make any award for this item of claimed damage. Similarly, the Plaintiff has sought compensation for a walking boot. The submitted documentation fails to persuade the court that the Plaintiff is entitled to an award of $330 for this item.

STATE OF MAINE                                          SUPERIOR COURT
AROOSTOOK, ss                                           DOCKET NO. CV-16-136


FLORENCE KENNEDY          )
              Plaintiff   )
                          )
                          )
                          )
                          )
VS                        )          ORDER ENTERING DEFEFNDANT'S DEFAULT
                          )
                          )
                          )
                          )
                          )
MATTHEW WALTON            )
              Defendant   )

Pending before the court is the Plaintiff's Motion for Sanctions dated March 16, 2017. This motion was preceded by the Plaintiff's complaint to the court that the Defendant had failed to comply with discovery requests that the Plaintiff had submitted in November of 2016. In response to the Plaintiff's complaint, the court (J. Stewart) Ordered the Defendant to provide discovery responses by February 28, 2017 or risk the imposition of sanctions, including the entry of default. When the Defendant failed to provide the required discovery responses, the Plaintiff filed the pending motion. The court conducted a hearing on the motion on May 17, 2017. Counsel appeared on behalf of the Plaintiff. The Defendant, who is representing himself in this matter, also appeared in person.

At that hearing, the Defendant, who has apparently maintained several different mailing addresses during the pendency of this matter, represented that he had not received the requested discovery. He also represented that he intended to hire counsel. The Plaintiff provided additional copies of the discovery requests to the Defendant in hand in open court at the hearing. The court instructed the Defendant on the record that it was going to defer acting on the Motion for Sanctions but that he needed to provide responses to the discovery requests under oath within 30 days and that if he failed to do so, he remained subject to sanction. The court also instructed the Defendant that he needed to provide and maintain current contact information with the court and with Plaintiff's counsel.

On June 20, 2017 and again on August 4, 2017[1] Plaintiff's counsel again complained to the court that the Defendant had failed to provide discovery. The Defendant has never sought any extension and no attorney has entered an appearance on the Defendant's behalf. Noting that the Defendant was obligated to respond to the original discovery request in December of 2016 and

---

[1] The court has been on "active retired" status during this time period and has only returned to the court this date for a scheduled, but unrelated matter, and has today become aware of the Defendant's failure to comply with the court's discovery orders.

noting further that on May 17, 2017 this court specifically directed the Defendant in open court and on the record to respond to the discovery request or risk the imposition of sanctions, this court concludes that the Defendant's failure to provide discovery has been willfully dilatory and therefore warrants sanction.

The court sanctions the Defendant by directing the Clerk to enter the Defendant's default on the Plaintiff's complaint for negligence. The Clerk is directed to schedule the matter for hearing on the remaining question of damages. Notice of this hearing shall be given to the parties with the Defendant's notice being sent to 22 Deerfield Drive, Eddington, Maine 04428.[2]

The entry shall be: The Defendant is defaulted for failure to provide discovery. Hearing on damages to be scheduled.

Date: August 18, 2017

E. Allen Hunter
Justice, Superior Court, Active Retired

---

[2] This is the address that the Defendant provided the court and the Plaintiff on May 17, 2017. The file does not reflect any notice from the Defendant of any change in address.